**YOUNG, Appellee,**

v.

**YOUNG, Appellant.**

[Cite as *Young v. Young* (2001), 146 Ohio App.3d 34.]

Court of Appeals of Ohio,
Seventh District, Columbiana County.

No. 00CO43.

Decided Sept. 21, 2001.

*R. Eric Kibler* and *Lawrence Stacey,* for appellee.

*Joseph Sontich, Jr.,* for appellant.

---

VUKOVICH, Presiding Judge.

Defendant-appellant David Warren Young appeals from a judgment rendered by the Columbiana County Common Pleas Court, Domestic Relations Division, in a divorce action instituted by plaintiff-appellee Darlene M. Young. The issue in this case is whether the trial court's factual mistake concerning the existence of a mortgage on the marital residence necessitates a reversal of the apportionment of the equity in that residence and thus a reversal of the court's property division award. For the following reasons, the judgment of the trial court is reversed and this cause is remanded.

## STATEMENT OF THE FACTS

In 1976, the parties got married and purchased 14.12 acres of land. While Mrs. Young paid most of the purchase price out of her separate funds, Mr. Young built the house. To finance the construction costs, the parties borrowed $40,000,

giving a twenty-year mortgage to the bank. In August 1999, Mrs. Young filed for divorce. The case was heard on June 6, 2000. In the subsequent divorce decree, the trial court determined that the marital residence was worth $108,000 subject to a $40,000 mortgage, and thus concluded that the net equity of the residence was $68,000. The court found that each party was entitled to half of the equity in the house, *i.e.*, $34,000. The court then setoff the sum of $36,511.37 from Mr. Young's equity, said sum representing an amount paid from Mrs. Young's separate funds to cover delinquent taxes owed to the IRS by appellant, and approximately $5,600 in spousal support arrearage. After this setoff, Mr. Young was left with negative equity in the home and was ordered to quitclaim his interest in the residence to Mrs. Young. Mr. Young was also ordered to pay spousal support in the amount of $650 per month for three years. Mr. Young filed a timely notice of appeal, and this appeal followed.

## ASSIGNMENT OF ERROR

Mr. Young's sole assignment of error on appeal provides:

■ "The trial court erred to appellant's undue prejudice in abusing its discretion by mistakenly reducing appellant's properly awarded one-half equity interest in marital asset real estate by the full pro-rated initial balance of a 1976 mortgage that was fully satisfied during the course of the marriage by both parties, when the same asset's fair market value was properly ascertained at the time of final hearing."

Appellant points out that the trial court mistakenly believed that the marital residence was subject to a $40,000 mortgage. While the parties did mortgage the property for $40,000 in 1976, Mrs. Young's Exhibit Number Nine demonstrates this was a twenty-year mortgage. Furthermore, according to the testimony of Mrs. Young at the divorce hearing, the mortgage had been completely satisfied. The fact that no mortgage exists is uncontroverted and conceded.

Appellant submits that due to the trial court's factual mistake and resulting conclusion that there existed $68,000 in equity rather than $108,000, the court undervalued his equity interest. The trial court valued the marital residence at $108,000, which is the value assigned by the appraiser. The court determined that each party is entitled to half of value of the marital residence. Mr. Young notes that half of this value is $54,000. He then subtracts from this value the two debts owed to Mrs. Young, approximately $36,500 for the tax payment and $5,600 for spousal support arrearage, and concludes that he is left with actual equity in an amount near $12,000.

Mrs. Young contends that the trial court's factual error concerning the existence of a $40,000 mortgage was not prejudicial to Mr. Young because the

overall division is fair and equitable. She bases this conclusion on her allegations that $650 in spousal support per month is meager and that besides the house, she has very little to show for her contributions during the marriage. She urges this court to affirm the trial court's judgment on the principle that erroneous reasons given to support a judgment do not require reversal of the judgment where it is legally correct.

## LAW AND ANALYSIS

■ As aforementioned, the trial court's division of the equity in the marital residence was based on a mistake of fact. The trial court incorrectly believed that the property was subject to a $40,000 mortgage. It apportioned the equity in the residence accordingly. The result was that appellant was assigned negative equity in the house when he actually had positive equity. Contrary to Mrs. Young's suggestions, we cannot affirm an award of property division because it could be considered fair and equitable where that division plainly relies on a mistake of fact that skews the court's calculations. See, *e.g.*, *Landry v. Landry* (1995), 105 Ohio App.3d 289, 293, 663 N.E.2d 1026 (reversing where the trial court skewed the final division of property by overvaluing equity through its choice of erroneous valuation dates); *Spencer v. Spencer* (Apr. 29, 1991), Clark App. No. 2724, unreported, 1991 WL 70726 (where the Second District reversed for reevaluation where the trial court's discretion was affected by a mistake of fact).

■ As provided in R.C. 3105.171(C)(1), a division of marital property shall be equal unless an equal division would be inequitable, in which case the trial court shall divide the property in the manner it determines is equitable. See, also, *Bisker v. Bisker* (1994), 69 Ohio St.3d 608, 609, 635 N.E.2d 308, citing *Cherry v. Cherry* (1981), 66 Ohio St.2d 348, 353, 20 O.O.3d 318, 421 N.E.2d 1293. Moreover, in dividing marital property, the trial court considers the statutory factors set forth in R.C. 3105.171(F). The trial court's decision in making this division of marital property is discretionary. The appellate court does not substitute its judgment for that of the trial court. Therefore, we cannot exercise discretion and presume how the trial court would have fashioned the distributive award had it not made a factual mistake. As stated in the divorce decree, the trial court intended to divide the equity in the marital residence equally. A factual mistake prevented the court from so doing. While we may be tempted simply to correct the factual error and enter judgment, we decline to do so for two reasons. First, we would be considering a fact that the trial court did not in formulating its distribution of marital property. We cannot possibly know whether that change would have any ripple effect on the overall distribution. Having heard the entire case, the trial court is in a superior position to consider

all of the facts and their relationship to each other. Remanding the matter to the trial court is preferable to this court's focusing its attention on one fact in a vacuum. For this reason, the trial court must reevaluate its distributive award after taking notice that the mortgage on the marital residence was not in existence at the time of the divorce hearing. In doing so, the court must keep in mind that it found that Mrs. Young made a traceable down payment on the marital residence out of her separate assets. This fact must be included in the calculation on remand. See R.C. 3105.171(A)(3)(b), (A)(6)(a)(ii) and (b), and (B).

Second, we note that R.C. 3108.171(C)(3) provides that the court shall provide for an equitable division of marital property prior to making any spousal support order. Accordingly, upon reevaluation of the property division award, the trial court may need to reevaluate its spousal support award. See *McClelland v. McClelland* (Feb. 25, 2000), Jefferson App. No. 97JE60, unreported, 2000 WL 246483 (where this court held that a valid distribution of marital assets must precede an award of spousal support).

For the foregoing reasons, the judgment of the trial court is hereby reversed, and this cause is remanded for further proceedings according to law and consistent with this court's opinion.

*Judgment reversed
and cause remanded.*

GENE DONOFRIO and DEGENARO, JJ., concur.