OPINION
{¶ 1} Plaintiff-appellant Joel P. Tilmant appeals the judgment entry of the Court of Common Pleas, Knox County, Domestic Relations Division, in which it was determined that the contributions of the defendant-appellee, Hallie A. Tilmant, during the construction of the marital residence should be set off from appellant's separate property, i.e., the land upon which the home was constructed. The relevant facts leading to this appeal are as follows.
 {¶ 2} Appellant and appellee were married on December 6, 1997. One child was born as issue of the marriage. Appellant filed a divorce complaint in Knox County. Appellee answered and filed a counterclaim.
 {¶ 3} The matter proceeded to trial on June 19, 2003, September 4 and 5, 2003, November 10, 13, and 14, 2003 and April 19, 2004. On August 23, 2004, the trial court issued a 44 page Findings of Fact together with a final decree of divorce.
 {¶ 4} The sole issue on appeal involves the marital residence which the trial court referred to as the "Fox Chase Property." The trial court found that it "cannot determine the fair market value" of the property because all the expert appraisals "were different". Accordingly, the trial court found "the best method to determine the value of the residence is to order it sold."
 {¶ 5} The trial court found that prior to the marriage appellant paid $37,000 in cash and credits for the land upon which the marital residence was constructed. The court heard testimony that if the land were vacant at the time of the divorce, the present value of the land would be $45,000. The trial court determined that appellant had a separate property interest in the amount of $45,000.
 {¶ 6} The trial court further heard testimony that during the construction of the marital residence appellee performed 95% of the general contracting duties. The court valued appellee's services as a general contractor at $35,055. The court then found "it appropriate to offset this contribution against husband's pre-marital separate property interest of $45,000. The husband's separate pre-marital interest in the Fox Chase property is reduced $9,945".
 {¶ 7} Appellant timely appealed the trial court's final judgment entry and raises the following two assignments of error for our consideration:
 {¶ 8} "I. THE TRIAL COURT ERRED AS A MATTER OF LAW IN DETERMINING APPELLEE CONTRIBUTED A GREATER EFFORT TO THE VALUE OF THE MARITAL RESIDENCE, AND OFFSETTING APPELLANT'S SEPARATE PROPERTY BY THE `VALUE' OF APPELLEE'S CONTRIBUTION."
 {¶ 9} "II. IF THIS COURT CHOOSES TO OVERRULE APPELLANT'S FIRST ASSIGNMENT OF ERROR, THE TRIAL COURT ERRED IN NOT SIMILARLY AWARDING APPELLANT THE VALUE OF HIS SERVICES AS GENERAL CONTRACTOR."
 {¶ 10} Because appellant's two assignments of error deal with the trial court's award to appellee of her contributions to appellant's separate property, we will consider them together. The essence of appellant's argument under the foregoing assignments of error is that while the trial court found the land upon which the marital residence was constructed to be appellant's separate property, its actions in dividing the parties' property treated the equity in the house as marital property. However, appellant argues, the trial court erred by setting-off appellee's contributions during the construction of the home from appellant's separate property, i.e. the land upon which the home was constructed. Appellant argues that a spouse's contribution by work and expenditures to the improvement or maintenance of the other spouse's separate property requires that any appreciation in value of the other spouse's separate property be considered by the court as a marital asset and thus must be divided equally between the parties. We disagree.
 {¶ 11} We generally review the overall appropriateness of the trial court's property division in divorce proceedings under an abuse of discretion standard. Cherry v. Cherry (1981), 66 Ohio St.2d 348,421 N.E.2d 1293. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 450 N.E.2d 1140. R.C. 3105.171
explains a trial court's obligation when dividing marital property in divorce proceedings as follows: "(C) (1) Except as provided in this division or division (E) (1) of this section, the division of marital property shall be equal. If an equal division of marital property would be inequitable, the court shall not divide the marital property equally but instead shall divide it between the spouses in the manner the court determines equitable. In making a division of marital property, the court shall consider all relevant factors, including those set forth in division (F) of this section". See also Cherry, supra, at 355,421 N.E.2d 1293.
 {¶ 12} This Court has recognized that equity is the guidepost in dividing the marital assets of the parties in a divorce action. Kennardv. Kennard, Delaware App. No. 02CAF11059, 2003-Ohio-2800, citing Zimmiev. Zimmie (1984), 11 Ohio St.3d 94, 464 N.E.2d 142. Equitable doesn't imply equal. Kaechele v. Kaechele (1988), 35 Ohio St.3d 93, 96,518 N.E.2d 1197, 1200. On appellate review, the trial court's property division should be viewed as a whole in determining whether it has achieved an equitable and fair division of marital assets. Briganti v.Briganti (1984), 9 Ohio St.3d 220, 222, 459 N.E.2d 896.
 {¶ 13} In the forty-four page Findings of Fact filed by the trial court on August 23, 2004 the court found that prior to the marriage appellant paid $37,000.00 in cash and credits for the property upon which the marital residence was constructed. (Id. at 11). The court heard testimony that if the land were vacant at the time of the divorce, the present value would be $45,000.00. (Id.). The trial court found that, due to conflicting appraisals, the present value of the marital residence could best be ascertained by ordering the residence sold. (Id.). The court found the land to be appellant's separate property. (Id.). The court awarded appellant his pre-marital investment of $37,000.00 together with the appreciation in value for a total award of $45,000.00 (Id.).
 {¶ 14} The trial court further found that appellee contributed to the value of appellant's separate property by acting as general contactor during the construction of the marital residence. (Id. at 11-12). The value of her services was determined by the court to be $35,055.00. (Id. at 12). The court found "it appropriate to offset this contribution against husband's premarital separate property interest of $45,000.00. Husband's separate premarital interest in the Fox Chase property is reduced to $9,945.00." (Id.).
 {¶ 15} The first mortgage on the Fox Chase property was valued at $234,564.75. (Id. at 18). A second mortgage exists in the form of an equity line of credit in the amount of $60,113.53. (Id.). However the trial court found that appellant used $19,208.83 of the second mortgage loan to pay off his separate premarital debts. (Id. at 12-14; 19). The trial court determined that one-half of that amount, $9,604.41, should be considered as appellant's separate debt. (Id. at 19). Accordingly, the court set-off that amount from appellant's separate premarital interest in the Fox Chase property thereby reducing appellant's separate property interest to $340.59. (Id. at 23).
 {¶ 16} The Ohio Supreme Court in the syllabus to Worthington v.Worthington (1986), 21 Ohio St.3d 73, 488 N.E.2d 150, held that:
 {¶ 17} "A trial court in determining the division of property pursuant to the factors contained in R.C. 3105.18 and all other relevant factors, does not abuse its discretion by apportioning the appreciation in value of non-marital property as a marital asset, where significant marital funds and labor are expended to improve and maintain such property."
 {¶ 18} The Ohio Supreme Court in Worthington, supra, at 75,488 N.E.2d at 152, reiterated its statement in Cherry, supra, that "`* * * it is ill-advised and impossible for any court to set down a flat rule concerning property division upon divorce.'" In Worthington, supra, the Supreme Court again emphasized the importance of the trial court's consideration of the factors contained in R.C. 3105.18 and all other relevant factors in arriving at a property division and recognized that "* * * a formulaic division of property is virtually an impossible task for the trial court." Id. at 75-76, 488 N.E.2d at 153.
 {¶ 19} R.C. 3105.171(C) and (D) requires only that the court start from the premise that marital property should be equally divided between the spouses, with each spouse receiving his or her own separate property. The court may make a distributive award of one spouse's separate property to "facilitate, effectuate, or supplement a division of marital property." (Emphasis added.) R.C. 3105.171(E) (1). R.C. 3105.171 defines "distributive award: "`Distributive award' means any payment or payments, in real or personal property, that are payable in a lump sum or over time, in fixed amounts, that are made from separate property or income, and that are not made from marital property and do not constitute payments of spousal support, as defined in [R.C. 3105.18]." R.C.3105.171(A).
 {¶ 20} When a distributive award is made the court "shall make written findings of fact that explain the factors that it considered in making its determination that the spouse's separate property should not be disbursed to that spouse." R.C. 3105.171(D).
 {¶ 21} A trial court has broad discretion to determine whether a distributive award of a party's separate property is equitable and appropriate under R.C. 3105.171(E). Adams v. Chambers (1992),82 Ohio App.3d 462, 466, 612 N.E.2d 746, 748; Smith v. Smith, 9th Dist. No. 20519, 2001-Ohio-1882, at 2. Absent an abuse of discretion, the trial court's determination will not be disturbed. Id. An "abuse of discretion" connotes more than an error of law or of judgment; it implies an arbitrary, unreasonable, or unconscionable attitude by the trial court. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219,450 N.E.2d 1140.
 {¶ 22} In determining whether to make a distributive award pursuant to R.C. 3105.171(E), the trial court must consider the factors set forth at R.C. 3105.171(F). These factors include:
 {¶ 23} "(1) The duration of the marriage;
 {¶ 24} "(2) The assets and liabilities of the spouses;
 {¶ 25} "(3) The desirability of awarding the family home, or the right to reside in the family home for reasonable periods of time, to the spouse with custody of the children of the marriage;
 {¶ 26} "(4) The liquidity of the property to be distributed;
 {¶ 27} "(5) The economic desirability of retaining intact an asset or an interest in an asset;
 {¶ 28} "(6) The tax consequences of the property division upon the respective awards to be made to each spouse;
 {¶ 29} "(7) The costs of sale, if it is necessary that an asset be sold to effectuate an equitable distribution of property;
 {¶ 30} "(8) Any division or disbursement of property made in a separation agreement that was voluntarily entered into by the spouses;
 {¶ 31} "(9) Any other factor that the court expressly finds to be relevant and equitable." R.C. 3105.171(F).
 {¶ 32} Viewing the award in its entirety, we do not find the trial court abused its discretion in dividing the parties' marital property. See Koegel v. Koegel (1982), 69 Ohio St.2d 355, 432 N.E.2d 206
(emphasizing that a trial judge should be given wide latitude in dividing property between the parties). Additionally, we find the trial court sufficiently recorded its analysis and findings to permit proper appellate review. See, e.g., Szerlip v. Szerlip (1998),129 Ohio App.3d 506, 511, 718 N.E.2d 473.
 {¶ 33} The trial court's detailed analysis included a review of the factors that it considered in fashioning the property distribution. After our review of the record and the trial court's judgment, we believe that the trial court properly exercised its discretion in fashioning an equitable division of property. Therefore, we cannot say that the trial court's award was either against the manifest weight of the evidence in determining the proportional amounts of pre-marital values or an abuse of discretion in its allocation of the award to appellant for her contributions.
 {¶ 34} Accordingly, appellant's First and Second Assignments of Error are overruled.
 {¶ 35} For the foregoing reasons, the judgment of the Court of Common Pleas of Knox County, Ohio, is affirmed.
By Gwin, J., and Boggins, P.J., concur Edwards, J., dissents.