INTRODUCTION {¶ 1} The trial court found in favor of Oak Park Management Corporation on its complaint against Anthony Via in forcible entry and detainer. Oak Park has appealed because the trial court's judgment entry did not include language authorizing it to remove Mr. Via's manufactured home. This Court affirms because any alleged error was harmless. *Page 2 
 FACTS {¶ 2} After Mr. Via defaulted on his rent, Oak Park filed a complaint in forcible detainer seeking immediate possession of a manufactured home he had placed on one of its manufactured home park lots. A magistrate found Mr. Via "guilty of forcibly and unlawfully detaining the described property" and entered a judgment of restitution. Oak Park objected to the magistrate's proposed decision because the decision did not include language authorizing it to remove the manufactured home from its park. The trial court denied Oak Park's objection and approved the magistrate's proposed decision. Oak Park has appealed, assigning one error.
 FORCIBLE ENTRY AND DETAINER {¶ 3} Section 1923.02(A)(2) of the Ohio Revised Code provides that a landlord may maintain a forcible entry and detainer action against a manufactured home park resident who is in default in his payment of rent. Section 1923.09(A) provides that, if neither party demands a jury, "a judge of the court shall try the cause." Section 1923.09(A) also provides that, "[i]f the judge finds the complaint to be true, [he] shall render a general judgment . . . in favor of the plaintiff, for restitution of the premises and costs of suit." Section 1923.09(B) provides that, if judgment is entered in favor of a manufactured home park operator, "the judge shall include in the judgment entry authority for the plaintiff to permit, in accordance with section 1923.12 and division (B) of section 1923.13 and division *Page 3 
(B) of section 1923.14 of the Revised Code, the removal from the manufactured home park and potential sale, destruction, or transfer of ownership of the defendant's manufactured home . . ."
 {¶ 4} Section 1923.12(A) provides that, if a resident has been evicted from a manufactured home park under Section 1923.09 and has abandoned his manufactured home, the operator of the park may provide him with written notice to remove the home within fourteen days. "The park operator shall deliver or cause the delivery of the notice by personal delivery to the owner or by ordinary mail sent to the last known address of the owner." R.C. 1923.12(A). If the owner of the manufactured home does not remove the home within fourteen days, "the park operator may follow the procedures of division (B) of section 1923.13 and division (B) of section 1923.14 of the Revised Code to permit the removal of the home . . . from the manufactured home park, and the potential sale, destruction, or transfer of ownership of the home. . . ." Id.
 HARMLESS ERROR {¶ 5} Oak Park has argued that the trial court erred because it did not include in its judgment entry the language required by Section1923.09(B). Even if Oak Park is correct that the trial court should have included that language, however, it has not demonstrated that it was prejudiced by that error. Under Rule 61 of the Ohio Rules of Civil Procedure, harmless errors are to be disregarded. *Page 4 
 {¶ 6} Section 1923.12(A) requires that three things be true in order for a park operator to seek removal of a manufactured home: (1) its resident must have been evicted under Section 1923.09; (2) the home must have been unoccupied for three days; (3) the park operator must have provided the resident proper notice. Section 1923.12(A) does not provide that the judgment of eviction must have included the language required by Section 1923.09(B). Even though the judgment entry of eviction in this case does not include language specifically authorizing Oak Park to proceed under Section 1923.12, it is still a judgment entry under Section 1923.09 evicting Mr. Via. The trial court's failure to include the language required by Section 1923.09(B) in its judgment entry was harmless error. Oak Park's assignment of error is overruled.
 CONCLUSION {¶ 7} Oak Park may utilize Section 1923.12(A) even though the trial court did not specifically authorize relief under that section in its judgment entry. Oak Park's sole assignment of error is overruled, and the judgment of the Wayne County Municipal Court is affirmed.
Judgment affirmed.
 The Court finds that there were reasonable grounds for this appeal. *Page 5 
We order that a special mandate issue out of this Court, directing the Wayne County Municipal Court, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.