[Cite as *Greer v. Greer*, 2019-Ohio-4304.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| EDWARD GREER | | C.A. No. 18CA011407 |
| | | |
| Appellant | | |
| | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| | | COURT OF COMMON PLEAS |
| PAMELA M. GREER | | COUNTY OF LORAIN, OHIO |
| | | CASE No. NF-6120-84 |
| Appellee | | |

DECISION AND JOURNAL ENTRY

Dated: October 21, 2019

CARR, Judge.

{¶1} Appellant Edward Greer appeals the judgment of the Lorain County Court of Common Pleas, Domestic Relations Division, awarding Appellee Pamela Greer attorney fees. This Court affirms.

I.

{¶2} The parties were divorced in 1984. The decree of dissolution incorporated a separation agreement which provided that Mr. Greer would pay Ms. Greer child support. Ms. Greer was awarded the marital residence. In order to compensate Mr. Greer for his share of the equity in the residence, Ms. Greer was ordered to pay a total of $6,355.00 to Mr. Greer at a rate of $100.00 per month via the Bureau of Support. No spousal support was awarded.

{¶3} The record reflects that orders authorizing the withholding of a portion of Ms. Greer's income were issued. In November 1989, the trial court issued an order stating that the "support order" was paid and terminated Ms. Greer's wage assignment.

{¶4} Over 30 years after the decree was journalized, in 2016, Mr. Greer filed a motion to show cause as to why Ms. Greer should not be held in contempt for failing to pay Mr. Greer the $6,355.00 ordered in the decree. Mr. Greer asserted in his affidavit that Ms. Greer failed to pay the money and that a written demand for the money was served upon Ms. Greer but she, nonetheless, did not pay the money owed.

{¶5} In February 2017, Mr. Greer filed a notice of voluntary dismissal pursuant to Civ.R. 41(A)(1)(a) after he learned that he had been paid the money. In July 2017, Ms. Greer filed a motion for attorney fees pursuant to R.C. 3105.73(B) based on the fees she incurred due to Mr. Greer's motion to show cause. In support of her motion, she submitted her own affidavit asserting that she had paid Mr. Greer what he was owed and that her attorney obtained records demonstrating that she had paid Mr. Greer. A hearing was held before a magistrate. The magistrate issued a decision finding that Ms. Greer had paid the sums as ordered and concluding that Mr. Greer's conduct caused Ms. Greer to incur attorney fees. The magistrate determined that Mr. Greer should pay Ms. Greer $1,090.00 towards her attorney fees. The trial court adopted the decision the same day.

{¶6} Mr. Greer filed objections to the magistrate's decision. The trial court held a hearing on the objections and thereafter issued a judgment entry overruling the objections. The trial court awarded Ms. Greer $1,090.00 in attorney fees.

{¶7} Mr. Greer has appealed raising three assignments of error.

II.

**ASSIGNMENT OF ERROR I**

THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT ADOPTED THE FINDING OF THE MAGISTRATE THAT IT WAS EQUITABLE TO AWARD ATTORNEY FEES IN THE AMOUNT OF $1,090.00 TO THE APPELLEE PAMELA M. GREER.

**ASSIGNMENT OF ERROR II**

THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT OVERRULED APPELLANT EDWARD B. GREER'S OBJECTIONS TO THE MAGISTRATE'S DECISION.

**ASSIGNMENT OF ERROR III**

THE TRIAL COURT ABUSED ITS DISCRETION WHEN THE TRIAL COURT FOUND THAT IT WAS EQUITABLE TO AWARD ATTORNEY FEES IN THE AMOUNT OF $1,090.00 TO THE APPELLEE PAMELA M. GREER.

{¶8}    Mr. Greer raises three assignments of error but has argued them all together in his brief.  Accordingly, we will also address them together.  Mr. Greer argues that Ms. Greer should not have been awarded attorney fees.  Mr. Greer maintains that his conduct did not warrant the award, that Ms. Greer was not in financial need of the fees, and that Ms. Greer failed to submit any evidence of the reasonableness of the time spent on the matter by her counsel or her counsel's hourly rate.

{¶9}    R.C. 3105.73(B) states:

In any post-decree motion or proceeding that arises out of an action for divorce, dissolution, legal separation, or annulment of marriage or an appeal of that motion or proceeding, the court may award all or part of reasonable attorney's fees and litigation expenses to either party if the court finds the award equitable.  In determining whether an award is equitable, the court may consider the parties' income, the conduct of the parties, and any other relevant factors the court deems appropriate, but it may not consider the parties' assets.

{¶10}  "Because R.C. 3105.73(B) gives a trial court broad discretion to award attorney's fees, we review such an award for an abuse of discretion."  *J.M. v. L.M.*, 9th Dist. Lorain No. 17CA011126, 2018-Ohio-3417, ¶ 25, quoting *Bajzer v. Bajzer*, 9th Dist. Summit No. 25635, 2012-Ohio-252, ¶ 16.

{¶11}  At the hearing, Ms. Greer testified that she paid the $6,355.00 ordered in the decree.  She stated that, for part of the time she would personally make the payments, and, for

part of the time the payments came out of her paycheck. She asserted that she paid the money by November 1989. In support of her contention, she submitted a copy of the 1989 trial court entry which stated the "support order" was paid and the wage assignment was terminated.

{¶12} Ms. Greer indicated that Mr. Greer did not contact her about the money until she received a letter from Mr. Greer's counsel in 2016. That letter informed Ms. Greer that Mr. Greer had not received the $6,355.00 and if she did not pay it within 30 days, an action would be filed against her. Ms. Greer read the letter and discarded the letter because she knew she had already paid the money.

{¶13} After Ms. Greer received the motion to show cause, she contacted Mr. Greer's attorney who asked if she had proof of her payment. She said she did not but would look into it. Ms. Greer then retained counsel in November 2016. Ms. Greer's counsel's fees were $200.00 per hour. Ms. Greer submitted documents evidencing the fees she was charged and what she paid. In addition, Ms. Greer testified that she had already paid $500.00 and that she owed $640.00. Ms. Greer also paid $100.00 in court costs to file the motion for fees.

{¶14} Mr. Greer acknowledged that the decree did not provide for any spousal support and the only support that was to be paid was child support to Ms. Greer. Mr. Greer testified that in 2016, he went to the child support enforcement agency to see whether Ms. Greer had paid him the amount owed under the property division because he did not remember her doing so. Those records indicated that Ms. Greer had paid $1,883.18 in what is labeled support. Despite having evidence that Ms. Greer had in fact paid at least some money, Mr. Greer nonetheless sought to hold Ms. Greer in contempt and alleged that she failed to pay any of the $6,355.00. Mr. Greer admitted that he later learned he had in fact received the $6,355.00 and had "made a mistake."

{¶15} With respect to their incomes, there was evidence submitted that, in 2016, Ms. Greer made around $60,000.00 per year and Mr. Greer made around $21,000.00 per year. In addition, in 2016, Mr. Greer received a tax refund of $1,195.00.

{¶16} After considering the record in this case, we cannot say that the trial court abused its discretion in awarding Ms. Greer $1,090.00 towards her attorney fees. The trial court could have reasonably concluded that Mr. Greer's conduct caused Ms. Greer to incur attorney fees. We cannot say that it is unreasonable for the trial court to require that a party seeking to hold another party in contempt 30 years after a decree is filed must exercise due diligence in determining whether money is actually owed to the party seeking a contempt finding. While Mr. Greer did go to the child support enforcement agency to determine whether the sum had been paid, he did not examine the docket in this case, which evidenced that Ms. Greer's wage withholding was terminated after the "support" order was paid. Even Mr. Greer's own research, prior to the filing of his contempt motion, revealed that Ms. Greer had paid almost $2,000.00. Despite this, Mr. Greer nonetheless filed a motion to show cause seeking the entire amount stated in the decree. Mr. Greer himself admitted at the hearing that he "made a mistake." While it is true the docket and child support enforcement agency records refer to "support" and not a property division, Mr. Greer should have been aware that the decree did not require Ms. Greer to make any support payments. Thus, at the least, this information should have caused Mr. Greer to research further.

{¶17} While Mr. Greer faults Ms. Greer for not responding to the letter his attorney sent to her prior to filing his motion to show cause, we note that the letter did not even request a response. Instead, it stated that an action will be filed if payment is not received within 30 days. Ms. Greer, however, had paid the money.

{¶18} Mr. Greer also alleges that Ms. Greer had to establish that she had a financial need for the fees. While the prior statute, former R.C. 3105.18(H), included an ability to pay requirement and required a determination as to whether either party would be prevented from fully litigating his or her rights if fees were not awarded, *see Berthelot v. Berthelot,* 9th Dist. Summit No. 22819, 2006-Ohio-1317, ¶ 70, the current statute, R.C. 3105.73(B) instead provides that, "[i]n determining whether an award is equitable, the court may consider the parties' income, the conduct of the parties, and any other relevant factors the court deems appropriate, but it may not consider the parties' assets." Thus, the trial court is not even mandated to consider the parties' incomes. *See Davis v. Davis*, 6th Dist. Wood No. WD-15-028, 2016-Ohio-1388, ¶ 25. Moreover, we cannot say that, given the parties' respective incomes, that the trial court's award was inequitable.

{¶19} Finally, Mr. Greer argues that there was no evidence of the reasonableness of the fees, the time spent, or the hourly rate. He notes that no expert testified to support the reasonableness of the fees.

{¶20} The trial court, in the entry ruling on the objections, stated that "the hourly rate/fee charged to [Ms. Greer] appears similar to fees customarily charged within this locality (Lorain County) for similar legal services." The trial court also observed that the local rules did not mandate expert testimony and concluded it was "equitable and reasonable as evidenced by the record to calculate an award of attorney fees based on the rate of $200.00 per hour and the amount of documented work performed by [Ms. Greer's] counsel. The trial court ultimately found that "the time spent on the matter * * * and the hourly rate charged * * * was fair and reasonable * * *."

{¶21} While this Court has not directly addressed whether expert testimony is required in situations involving attorney fees under R.C. 3105.73, we have applied a Summit County Domestic Relations Local Rule which specifically states that expert testimony is not required to establish the reasonableness of attorney fees. *See Kolar v. Kolar*, 9th Dist. Summit No. 28510, 2018-Ohio-2559, ¶ 5. Other courts have concluded that a trial court is not required to receive expert testimony in order to award attorney fees under R.C. 3105.73. *Long v. Long*, 10th Dist. Franklin No. 11AP-510, 2012-Ohio-6254, ¶ 20. Instead, the trial court "may rely on its own knowledge and experience to determine the reasonableness of the amount claimed." *Id.* "This standard has been applied by the overwhelming majority of appellate districts in the State of Ohio in domestic relations matters." *Pelger v. Pelger*, 3d Dist. Logan No. 8-18-36, 2019-Ohio-1280, ¶ 20, fn. 3.

{¶22} Given the record before us, including the evidence presented and the amount of fees awarded, we conclude that the trial court did not abuse its discretion in concluding that expert testimony was not required. Moreover, the trial court did not abuse its discretion in determining that both the time spent on the matter and the hourly rate were fair and reasonable.

{¶23} Mr. Greer's assignments of error are overruled.

### III.

{¶24} Mr. Greer's assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas, Domestic Relations Division is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

TEODOSIO, P. J.
CONCURS.

HENSAL, J.
CONCURRING IN JUDGMENT ONLY.

{¶25} I would find that the trial court did not abuse its discretion in awarding Ms. Greer attorney's fees based upon the conduct of Mr. Greer. I would note that this court has allowed for the finding of reasonable attorney fees without expert testimony in domestic relations court proceedings without the reliance on the local rule. *See Kreger v. Kreger*, 9th Dist. Lorain No. 91CA005073, 1991 WL 262883, *2 (Dec. 11, 1991); *Payne v. Payne*, 9th Dist. Summit No. 14248, 1989 WL 157213, *3 (Dec. 27, 1989); *Cram v. Cram*, 9th Dist. Medina No. 1746, 1989

WL 50705, *3 (May 10, 1989). As such, I concur with the decision to affirm the trial court's award of fees.

APPEARANCES:

MARK E. STEPHENSON, Attorney at Law, for Appellant.

WAYNE R. NICOL, Attorney at Law, for Appellee.