[Cite as *Young v. Young*, 2022-Ohio-2535.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

DORIS E. YOUNG

    Appellant

    v.

JAMES YOUNG

    Appellee

C.A. No.      19CA011573

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    13DR077076

DECISION AND JOURNAL ENTRY

Dated: July 25, 2022

TEODOSIO, Judge.

**{¶1}** Doris E. Young appeals from the Lorain County Court of Common Pleas, Domestic Relations Division's judgment entry of divorce. We affirm.

I.

**{¶2}** In 2013, Doris E. Young filed a complaint for divorce against James R. Young. The litigation of this matter has been long and contentious, involving multiple business entities, multiple real properties, and allegations of financial misconduct. The trial of this matter was held at various divided times over several years, with the trial court issuing a judgment entry of divorce and its findings of fact and conclusions of law in October 2019. Ms. Young now appeals, raising three assignments of error.

II.

ASSIGNMENT OF ERROR ONE

THE TRIAL COURT ERRED IN ITS DIVISION OF MARITAL PROPERTY.

{¶3}    Under her first assignment of error, Ms. Young assigns three separate errors involving the division of marital property, which we shall review in the order presented.

**A.  The trial court erred in finding economic misconduct.**

{¶4}    Ms. Young first argues the trial court erred in finding she had committed economic misconduct under R.C. 3105.171(E)(4) and (5) because Mr. Young failed to establish economic misconduct and the trial court incorrectly placed the burden on Ms. Young to disprove the allegations of financial misconduct.

{¶5}    R.C. 3105.171(F)(1)-(10) sets forth the factors the trial court shall consider when making a division of marital property.  Another consideration in the division of marital property is financial misconduct by a spouse. *See* R.C. 3105.171(E)(4).  When a spouse engages in financial misconduct, the statute provides the trial court with discretion to "compensate the offended spouse with a distributive award or with a greater award of marital property."  R.C. 3105.171(E)(4); *Kita v. Kita*, 9th Dist. Summit No. 19256, 1999 WL 1068450, *3, (Nov. 24, 1999).

{¶6}    R.C. 3105.171(E)(4) defines financial misconduct as including "the dissipation, destruction, concealment, nondisclosure, or fraudulent disposition of assets."  As applied to the division of marital property, "financial misconduct necessarily implicates wrongdoing such as one spouse's [intentional] interference with the other's property rights or the offending spouse's profiting from the misconduct." *Tustin v. Tustin*, 9th Dist. Summit No. 27164, 2015-Ohio-3454, ¶ 44. Thus, financial misconduct requires something more than just dishonest behavior." *Bucalo v. Bucalo*, 9th Dist. Medina No. 05CA0011-M, 2005-Ohio-6319, ¶ 30.   It also requires some element of wrongful intent or scienter.  *Havrilla* at ¶ 47.  Wrongful scienter may be established based on when the alleged financial misconduct occurred in relation to the filing and pendency of the divorce or period of separation. *Downey v. Downey*, 9th Dist. Summit No. 23687, 2007-Ohio-

6294, ¶ 17. "[I]f the time frame of the alleged misconduct does not establish scienter, there must be some other evidence that does establish it." *Orwick v. Orwick*, 7th Dist. Jefferson No. 04 JE 14, 2005-Ohio-5055, ¶ 28. The burden of proving financial misconduct rests with the complaining spouse. *Palazzo v. Palazzo*, 9th Dist. Summit Nos. 27932, 2016-Ohio-3041, ¶ 10.

{¶7} We note there has been some discrepancy in the caselaw as to the appropriate standard of review:

> Some courts hold that a finding of financial misconduct, as well as the distributive award, is within the trial court's discretion. However, as a finding of financial misconduct is a legal determination, it must be supported by the weight of competent, credible evidence. We take this opportunity, therefore, to clarify the standard of review: While a trial court enjoys broad discretion in deciding whether to compensate one spouse for the financial misconduct of the other, the initial finding of financial misconduct must be supported by the manifest weight of the evidence.

*Calkins v. Calkins*, 11th Dist. Geauga No. 2014-G-3203 and 2014-G-3218, 2016-Ohio-1297, ¶ 17. Thus, when reviewing whether a trial court erred in its finding regarding financial misconduct, this court applies the manifest weight of the evidence standard. *Palazzo v. Palazzo*, 9th Dist. Summit Nos. 27932, 2016-Ohio-3041, ¶ 11, citing *Tustin* at ¶ 43. Accordingly, before reversing such a judgment, this Court "must determine whether the trier of fact, in resolving evidentiary conflicts and making credibility determinations, clearly lost its way and created a manifest miscarriage of justice." *Boreman v. Boreman*, 9th Dist. Wayne No. 01CA0034, 2002-Ohio-2320, ¶ 10. In weighing the evidence, we must always be mindful of the presumption in favor of the finder of fact. *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, ¶ 21. "Only in the exceptional case, where the evidence presented weighs heavily in favor of the party seeking reversal, will the appellate court reverse." *Boreman* at ¶ 10.

{¶8} Ms. Young argues the trial court failed to state the specific nature, timeframe, and amount of financial misconduct committed by Ms. Young and placed the burden on her to disprove

any financial misconduct, rather than placing the burden upon Mr. Young to prove financial misconduct.

{¶9}   Contrary to Ms. Young's assertion otherwise, we find nothing to suggest the trial court applied the wrong burden of proof in this matter.  Rather, the issue central to this argument is whether the trial court failed to offer support for the conclusion that Mr. Young had met his burden of proving financial misconduct.

{¶10}  The findings of the trial court in support of financial misconduct are as follows:

During the course of the marriage the Plaintiff, Doris E. Young, owned and operated other businesses which were not disclosed to the Defendant, James Young, including Westwood Properties, Inc.  The Plaintiff, Doris E. Young, utilized her ownership of Westwood Properties, Inc. to conceal substantial funds from the Defendant, James Young, during their marriage.  The use of the name "Westwood" was specifically designed by the Plaintiff, Doris E. Young, to conceal income and assets from the Defendant, James Young.  Plaintiff, Doris E. Young, would use the name of "Westwood" to shield and hide activities to imply to the Defendant, James Young, that she was engaging in activities for the benefit of Westwood Elderly Care, Inc.  * * * The Plaintiff, Doris E. Young's testimony was evasive, false and decidedly misleading regarding her actions in her dealings with her husband.

* * *

The Plaintiff, Doris E. Young, through the businesses has issued K-1's to the Defendant, James Young, indicating that substantial funds and distributions were made to the Defendant, James Young.  The testimony and evidence revealed that the Defendant, James Young, did not receive the distributions set forth in the K-1's.

* * *

Throughout these proceedings, the Plaintiff, Doris E. Young, has exercised sole control over the parties' marital businesses and income.  The Plaintiff, Doris E. Young, has utilized substantial funds from the businesses to pay a substantial income to herself and her son, Roger Rollins, and to pay her own personal expenses, including but not limited to her taxes, cell phone, car payment, spousal support obligations, and attorney fees associated with these proceedings.  * * * While the Plaintiff, Doris E. Young, substantially increased her salary, received numerous distributions and utilized corporate funds for the payment of her own personal expenses, the Plaintiff, Doris E. Young, did not disburse any funds to the Defendant, James Young.

* * *

The evidence and testimony further revealed that the Plaintiff, Doris E. Young, made misrepresentations to this Court concerning the financial income and expenses of the marital businesses. Based upon the misrepresentation of the Plaintiff, Doris E. Young, this Court issued Orders granting her authority and control of the marital businesses.

* * *

The Plaintiff, Doris E. Young, systematically mislead this Court and other Courts to give her control of the business entities. The Plaintiff, Doris E. Young, used the control of the business entities to lo[o]t said entities for her personal gains and to the severe detriment of the Defendant, James Young.

* * *

The Court specifically draws a negative inference that is unfavorable to the Plaintiff, Doris E. Young, on the fact that she failed to offer credible evidence justifying her operation of the marital businesses and where all the funds generated by the businesses have been spent and/or sequestered.

* * *

The totality of the evidence that was presented to this Court during trial indicates that the Plaintiff, Doris E. Young, engaged in a systematic course of conduct to purposely dissipate, destroy, conceal and fraudulently dispose of marital assets all to the irreparable harm of the Defendant, James Young. The Court finds that the activities of the Plaintiff, Doris E. Young, were inappropriate, and unequivocally constitute economic misconduct as enumerated and provided in Ohio Revised Code Section 3105.171(E)(4) and (5).

* * *

The Court finds that the Plaintiff, Doris E. Young, engaged in financial misconduct including but not limited to the dissipation, destruction, concealment and fraudulent disposition of assets.

* * *

The Plaintiff, Doris E. Young, throughout these proceedings concealed and dissipated funds from the marital businesses for her personal gain, all to the irreparable harm of the Defendant, James Young.

{¶11} We further note that the trial court made additional findings as to the credibility of the witnesses, indicating that that Ms. Young "willfully and wantonly misled [the court] on numerous occasions during the trial in this matter and committed gross misrepresentations during her testimony." The trial court found that Ms. Young's testimony "was dishonest and not credible."

{¶12} The findings made by the trial court were supported by substantial evidence of financial misconduct on the part of Ms. Young. When directly asked by the trial court whether she had lied to her husband about the business known as Westwood Properties, Inc. for a period of five years, she responded: "Yes, I kept it from him, yes." When asked "You were making all this money and lying about it, correct, ma'am?" she responded: "By omission, yes." The evidence does not weigh heavily in favor of Ms. Young, nor did the trial court clearly lose its way to create a manifest miscarriage of justice.

**B. The trial court abused its discretion in awarding [Mr. Young] everything without first determining what amount would be equitable to compensate [Mr. Young].**

{¶13} Ms. Young next argues the trial court erred in its award for financial misconduct to Mr. Young because it failed to determine the amount that would compensate him for any financial misconduct. It is Ms. Young's contention that such an amount should make the aggrieved party whole, essentially arguing that there must be a valuation of damages to determine a fair compensation.

{¶14} R.C. 3105.171 governs the division of marital property, and provides, in pertinent part: "If an equal division of marital property would be inequitable, the court shall not divide the marital property equally but instead shall divide it between the spouses in the manner the court determines equitable." R.C. 3105.171(C)(1). "If a spouse has engaged in financial misconduct, including, but not limited to, the dissipation, destruction, concealment, nondisclosure, or

fraudulent disposition of assets, the court may compensate the offended spouse with a distributive award or with a greater award of marital property." R.C. 3105.171(E)(4). "The court may issue any orders under this section that it determines equitable * * *." R.C. 3105.171(J).

{¶15} This Court has specifically noted: "R.C. 3105.171(E)(3) permits the trial court to make a distributive award from separate assets where a spouse has engaged in financial misconduct, including the dissipation, concealment, or fraudulent disposition of assets. The trial court has broad discretion to determine whether a distributive award is equitable and appropriate." *Helms v. Helms*, 9th Dist. Summit No. 18142, 1997 WL 576385, *4, fn.1 (Sept. 10, 1997). *See also Gentile v. Gentile*, 8th Dist. Cuyahoga No. 97971, 2013-Ohio-1338, 2013 WL 1384891, ¶ 55; *Tilmant v. Tilmant*, 5th Dist. Knox No. 2004CA000024, 2005-Ohio-5939, 2005 WL 2981841, ¶ 21.

{¶16} The trial court's findings of fact and conclusions of law provided:

The Court concludes, as set forth in the Findings of Fact set forth above, that the Plaintiff, Doris E. Young, engaged in gross financial misconduct including the dissipation, destruction, concealment and fraudulent disposition of assets. Due to the financial misconduct of the Plaintiff, Doris E. Young, the Defendant, James Young shall receive the real property located at 1288 Dogwood Drive, Orrville, Ohio 44667 and the "Rittman Lots"; and fifty percent (50%) of the wages of Plaintiff, Doris E. Young and one hundred percent (100%) of the distributions which he did not receive during the litigation.
* * * The economic misconduct by the Plaintiff, Doris E. Young, justifies this Court awarding to the Defendant, James Young, the real property located at 1288 Dogwood Drive, Orrville, Ohio 44667 and the "Rittman Lots". Defendant, James Young, shall also receive * * * (60%) of the sale proceeds of the business entities.

{¶17} We find no requirement for the trial court to determine a valuation of damages in setting the amount of its distributive award for financial misconduct. Rather, the trial court is afforded broad discretion to determine an award that is equitable and appropriate. The trial court set forth findings of pervasive misconduct as enumerated above in support of its distributive award.

Under the unique circumstances of this case, we cannot conclude that the trial court's award was arbitrary, unreasonable, or unconscionable as to connote an abuse of discretion.

**C. The trial court also erred in ordering marital property to be transferred under Rule 11.**

{¶18} Ms. Young further argues that the trial court erred in ordering her to transfer the Dogwood residence and the Rittman Lots to her husband as a Civ.R. 11 sanction.

{¶19} Even if we were to assume the trial court erred in applying Civ.R. 11, "[u]nder Rule 61 of the Ohio Rules of Civil Procedure, harmless errors are to be disregarded." *Oak Park Mgt. Corp. v. Via*, 9th Dist. Wayne No. 07CA0022, 2008-Ohio-2493, ¶ 5. "No error in either the admission or the exclusion of evidence and no error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties is ground for granting a new trial or for setting aside a verdict or for vacating, modifying or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties." Civ.R. 61.

{¶20} Because the award was properly made as a distributive award for financial misconduct, we disregard any error in the trial court's application of Civ.R. 11 as harmless.

{¶21} Ms. Young's first assignment of error is overruled.

ASSIGNMENT OF ERROR TWO

THE TRIAL COURT ERRED IN APPOINTING A MEDIATOR TO ENFORCE
THE TERMS AND CARRY OUT ITS DIVISION OF PROPERTY ORDER.

{¶22} In her second assignment of error, Ms. Young argues the trial court erred by appointing a mediator who was given the powers of a receiver, even though no motion for a receiver was pending and no factors under R.C. 2735.01 regarding the appointment of a receiver were present.

{¶23} In the judgment entry of divorce, the trial court ordered the immediate sale of the couple's businesses and further ordered: "The Court's mediator/arbitrator Terri Lastovka shall continue in her role as a mediator/arbitrator and she shall facilitate the sale of the businesses." The trial court further ordered that it's prior order "of August 22, 2018 (appointment and duties of Terri Lastovka) * * * shall remain in full force and effect. The trial court's order of August 22, 2018, provided: "Terri Lastovka is appointed as arbitrator, for the limited purpose of resolving differences between the parties relating to the daily operations of their businesses during the pendency of their divorce."

{¶24} To the extent that Ms. Young objects to the retention of Ms. Lastovka in her role as a mediator or arbitrator of disputes between the parties in the judgment entry of divorce we conclude she has forfeited this argument in light of the trial court's order of August 22, 2018, which appointed Ms. Lastovka to resolve differences between the parties relating to the operations of their businesses. Ms. Young did not object to Ms. Lastovka's appointment under the August 22, 2018 entry and even submitted her own proposed order with language appointing Ms. Lastovka to resolve disputes with respect to the business decisions of the companies prior to the court's August 22, 2018 order. We do not find it a sustainable argument by appellant to now argue that the trial court erred by doing the very thing that appellant proposed it do. Furthermore, subsequent to the

trial court's August 22, 2018, Ms. Young took no steps to remedy any perceived wrong by filing a motion to remove or some such similar measure.

{¶25} We also disagree with Ms. Young's contention that the judgment entry of divorce granted Ms. Lastovka authority such that she became a "de facto" receiver. Generally, a receiver is appointed in a business setting to manage the affairs of a corporation when it is dissolved. *See* R.C. 2735.01(A)(6); R.C. 2735.01(C). The powers of a receiver are enumerated under R.C. 2735.04(B):

> Under the control of the court that appointed the receiver as provided in section 2735.01 of the Revised Code, the receiver may do any of the following:
>
> (1) Bring and defend actions in the receiver's own name as receiver;
>
> (2) Take and keep possession of real or personal property;
>
> (3) Collect rents and other obligations, and compromise demands;
>
> (4) Enter into contracts, including, but not limited to contracts of sale, lease, or, so long as existing lien rights will not be impacted, contracts for construction and for the completion of construction work;
>
> (5) Sell and make transfers of real or personal property;
>
> (6) Execute deeds, leases, or other documents of conveyance of real or personal property;
>
> (7) Open and maintain deposit accounts in the receiver's name;
>
> (8) Generally do any other acts that the court authorizes.

We find nothing in the language of the trial court's judgment entry of divorce that grants the powers of receivership to Ms. Lastovka. Furthermore, Ms. Young has not pointed to any actions committed by Ms. Lastovka that would call into question the overstepping of her role.

{¶26} Ms. Young's second assignment of error is overruled.

ASSIGNMENT OF ERROR THREE

THE TRIAL COURT ERRED IN SANCTIONING APPELLANT AND ORDERING APPELLANT TO PAY APPELLEE'S ATTORNEY FEES IN FULL.

{¶27} In her third assignment of error, Ms. Young argues the trial court erred in sanctioning her by ordering her to pay Mr. Young's attorney fees in full under R.C. 3105.73 and Civ.R. 11.

{¶28} R.C. 3105.73(A) provides:

In an action for divorce, dissolution, legal separation, or annulment of marriage or an appeal of that action, a court may award all or part of reasonable attorney's fees and litigation expenses to either party if the court finds the award equitable. In determining whether an award is equitable, the court may consider the parties' marital assets and income, any award of temporary spousal support, the conduct of the parties, and any other relevant factors the court deems appropriate.

{¶29} "'Because a court addresses an award of attorney fees through equitable considerations, a trial court properly can consider the entire spectrum of a party's actions, so long as those actions impinge upon the course of the litigation.'" *Grosse v. Grosse*, 9th Dist. Summit No. 27159, 2014-Ohio-5642, ¶ 9, quoting *Padgett v. Padgett*, 10th Dist. Franklin No. 08AP-269, 2008-Ohio-6815, ¶ 17. A trial court is under no obligation to engage in any examination balancing of the parties' conduct and needs only to find that the award was equitable. *Kim v. Kim*, 9th Dist. Summit No. 28684, 2020-Ohio-22, ¶ 48.

{¶30} A trial court has broad discretion in considering an award of attorney fees, and an award will only be reversed upon an abuse of the trial court's discretion. *Guziak v. Guziak*, 80 Ohio App.3d 805, 816 (9th Dist.1992). An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). When applying this standard, a reviewing court is

precluded from simply substituting its own judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993).

{¶31} The trial court awarded all attorney fees to Mr. Young under R.C. 3105.73, determining the amount of $483,842.36 to be reasonable, necessary, and appropriate. The trial court found that Ms. Young had frustrated and inhibited the adjudication of the matter by repeatedly providing false testimony and refusing to account for marital income and assets. It found that her strategy had been to force a trial by ambush and to conceal the true income and value of the marital business, and that it was her very conduct that caused Mr. Young to incur substantial attorney fees and expenses while she used corporate funds for the payment of her personal attorneys. The court further determined that Ms. Young had intentionally obstructed the discovery process and caused unnecessary delays in the proceedings, including, on three separate occasions, agreeing to sell the marital businesses and then recanting.

{¶32} Ms. Young lists multiple reasons as to why she believes the award of attorney fees is not justified. She argues that she has already been held in contempt; it is unclear what bearing this would have on the issue of attorney fees. She argues that because she agreed to pay $100,000.00 in attorney fees to Mr. Young, she should not have to pay the balance; no rationale is given for this assertion. She argues that she was not the only party that caused delay in the proceedings, and Mr. Young had filed motions for continuances and moved to disqualify her counsel; as we have previously observed: the trial court was not obligated to engage in any examination balancing of the parties' conduct and needed only to find that the award was equitable. *Kim* at ¶ 48.

{¶33} Ms. Young also suggests that the trial court was biased against her but fails to develop any argument in this regard other than noting that the trial court believed Ms. Young

lacked empathy for her husband. Ms. Young has failed to show that the trial court's view of her was the result of some bias rather than the result of her misconduct.

**{¶34}** Ms. Young further suggests that the trial court "failed to conduct an appropriate reasonableness analysis," but fails to provide this court with any argument as to why the trial court's analysis was not appropriate and fails to offer citation to any authority on which she may rely. *See* App.R. 16(A)(7) (requiring "citations to the authorities, statutes, and parts of the record on which appellant relies."); *accord* Loc.R. 7(B)(7). "It is an appellant's duty to demonstrate his assigned error through an argument that is supported by citations to legal authority and facts in the record * * *." *McDonald's USA, LLC v. Lorain Cty. Bd. of Revision*, 9th Dist. Lorain No. 18CA011279, 2019-Ohio-4217, ¶ 34.

**{¶35}** Finally, Ms. Young also argues the trial court erred in awarding attorney fees under Civ.R. 11.

**{¶36}** Our analysis under Part C of Assignment of Error One is similarly applicable here. Even if we were to assume the trial court erred in applying Civ.R. 11, "[u]nder Rule 61 of the Ohio Rules of Civil Procedure, harmless errors are to be disregarded." *Oak Park Mgt. Corp. v. Via*, 9th Dist. Wayne No. 07CA0022, 2008-Ohio-2493, ¶ 5. "No error in either the admission or the exclusion of evidence and no error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties is ground for granting a new trial or for setting aside a verdict or for vacating, modifying or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties." Civ.R. 61.

**{¶37}** Because the award of attorney fees was properly made under R.C. 3105.73(A), we disregard any error in the trial court's application of Civ.R. 11 as harmless error.

**{¶38}** Ms. Young's third assignment of error is overruled.

III.

**{¶39}** Ms. Young's three assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas, Domestic Relations Division is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

THOMAS A. TEODOSIO
FOR THE COURT

HENSAL, J.
CARR, P. J.
CONCUR

APPEARANCES:

SCOTT M. ZURAKOWSKI, OWEN J. RARRIC, and ANDREW R. BURTON, Attorneys at Law, for Appellant.

JOSEPH G. STAFFORD and NICOLE A. CRUZ, Attorneys at Law, for Appellee.