[Cite as *Hepp v. Hepp*, 2024-Ohio-5630.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

HOLLY A. HEPP, nka DOBIAS

    Appellee

    v.

JON S. HEPP, JR.

    Appellant

C.A. No.    23CA011988

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    12DU075925

DECISION AND JOURNAL ENTRY

Dated: December 2, 2024

---

CARR, Judge.

{¶1} Defendant-Appellant, Jon Hepp, Jr. ("Father"), appeals from the judgment of the Lorain County Court of Common Pleas, Domestic Relations Division. This Court affirms.

I.

{¶2} Father and Plaintiff-Appellee, Holly Dobias fka Hepp ("Mother"), married in 1999 and had two children during their marriage. In 2013, they divorced. Mother was named the children's residential parent and legal custodian. Father was ordered to pay child support.

{¶3} Father failed to pay child support and accrued arrearages in excess of $20,000. In November 2017, Mother filed a motion to show cause, seeking to hold him in contempt for his failure to pay. Father later stipulated to the contempt, and the trial court set purge conditions. The contempt was unable to be fully resolved until the beginning of 2020.

{¶4} Mother filed a motion for attorney fees, seeking payment for the fees she incurred litigating her motion to show cause. At the hearing on her motion, she presented a fee bill from

her attorney, her own testimony, and the testimony of a local attorney. Following the hearing, the trial court ordered Father to pay her attorney fees in the amount of $5,640.

{¶5} Father now appeals from the trial court's judgment and raises two assignments of error. For ease of review, we reorder the assignments of error.

II.

## **ASSIGNMENT OF ERROR II**

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN ADMITTING JAMES BARILLA'S ATTORNEY'S FEE BILL.

{¶6} In his second assignment of error, Father argues the trial court erred when it admitted into evidence an itemized fee bill from Mother's attorney. He argues the fee bill ought to have been excluded because it was never properly authenticated. For the following reasons, we reject his argument.

{¶7} "We review a trial court's determination of authentication for an abuse of discretion." *State v. Moorer*, 2016-Ohio-7679, ¶ 6 (9th Dist.). *See also Bank of New York v. Nutter*, 2020-Ohio-6988, ¶ 29 (9th Dist.) (trial courts enjoy broad discretion in the admission of evidence). An abuse of discretion implies that the trial court's decision was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶8} Authentication is "a condition precedent to admissibility . . . ." Evid.R. 901(A). To authenticate an item, a proponent must offer "evidence sufficient to support a finding that the [item] is what its proponent claims." *Id.* "Evid.R. 901(B) provides a nonexhaustive list illustrating the ways in which the proponent of the admission of evidence can conform with Evid.R. 901(A)." *State v. Lewis*, 2021-Ohio-1575, ¶ 24 (9th Dist.). Relevant to this appeal, a witness with knowledge may provide "[t]estimony that a matter is what it is claimed to be." Evid.R. 901(B)(1).

"The threshold for demonstrating authentication is low, and a proponent need only offer evidence demonstrating a reasonable likelihood that the evidence is authentic." *Moorer* at ¶ 6.

{¶9} Mother introduced one exhibit at the hearing on her motion for attorney fees: an itemized fee bill from her attorney. The trial court admitted the exhibit over Father's objection. Father argues the trial court erred by doing so because Mother's attorney did not testify, and therefore, did not authenticate the exhibit himself. Mother offered her own testimony as well as the testimony of a local attorney. Both Mother and the local attorney testified that Mother's attorney gave them a copy of the fee bill. They testified that it set forth the number of hours, type of work completed, and fees accrued by Mother's attorney as he litigated her motion to show cause. According to Father, neither Mother nor the local attorney had personal knowledge of the items detailed in the fee bill such that they could properly authenticate it.

{¶10} Upon review, Father has not shown the trial court abused its discretion when it admitted the fee bill. *See Moorer*, 2016-Ohio-7679, at ¶ 6 (9th Dist.). Both Mother and the local attorney testified that they had received a copy of the fee bill from Mother's attorney. They testified that it represented the number of hours, type of work completed, and fees accrued by Mother's attorney as he litigated her motion to show cause. Any challenge to the accuracy of the hours recorded in the fee bill sounded in weight rather than admissibility. *See State v. Davis*, 1990 WL 49985, *15 (9th Dist. Apr. 18, 1990) ("Admission of an authenticated item of evidence is not conclusive proof; the trier of fact is free to accord it whatever weight it deems appropriate."). The threshold for determining authentication was low. *See Moorer* at ¶ 6. Any competent witness with either direct or circumstantial knowledge of the fee bill's authenticity could have testified that it was what it claimed to be. *See Davis* at *15. Based on the testimony of Mother and the local attorney, the trial court could have concluded that there was a reasonable likelihood the fee bill

was authentic. *Moorer* at ¶ 6. Accordingly, Father has not shown the trial court abused its discretion by admitting the fee bill. His second assignment of error is overruled.

## ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY RUBBER STAMPING A REQUEST FOR SUBSTANTIAL ATTORNEY'S FEES WITHOUT HOLLY DOBIAS PRODUCING COMPETENT CREDIBLE EVIDENCE THAT THE ATTORNEY'S FEES WERE WARRANTED.

**{¶11}** In his first assignment of error, Father argues the trial court erred by awarding $5,640 in attorney fees to Mother. We disagree.

**{¶12}** R.C. 3109.05(C) provides, in relevant part:

If any person required to pay child support . . . is found in contempt of court for failure to make support payments . . . , the court that makes the finding, in addition to any other penalty or remedy imposed, shall . . . require the person to pay any reasonable attorney's fees of any adverse party, as determined by the court, that arose in relation to the act of contempt . . . .

Expert testimony is not required to determine the reasonableness of fees in domestic relations matters. *Hibben v. McGuire*, 2022-Ohio-3598, ¶ 30 (9th Dist.). A trial court "'may rely on its own knowledge and experience to determine the reasonableness of the amount claimed.'" *Id.*, quoting *Greer v. Greer*, 2019-Ohio-4304, ¶ 21 (9th Dist.). "There is a strong presumption that the reasonable hourly rate multiplied by the number of hours worked, which is sometimes referred to as the 'lodestar,' is the proper amount for an attorney-fee award." *Phoenix Lighting Group, L.L.C. v. Genlyte Thomas Group, L.L.C.*, 2020-Ohio-1056, paragraph one of the syllabus. "A trial court has broad discretion in considering an award of attorney fees, and an award will only be reversed upon an abuse of the trial court's discretion." *Young v. Young*, 2022-Ohio-2535, ¶ 30 (9th Dist.).

**{¶13}** Mother filed a show cause motion on November 27, 2017, at which point Father had child support arrearages in excess of $20,000. Thereafter, the trial court held multiple pretrials as well as a settlement conference regarding the motion to show cause. The record reflects that,

when the parties and Mother's attorney appeared for their scheduled show cause hearing on October 22, 2018, Father requested a continuance to secure counsel. The trial court granted that request, so the show cause hearing did not take place until November 2, 2018.

{¶14} At the November show cause hearing, the parties agreed Father was in contempt and owed child support arrearages in the amount of $25,512.67. Father agreed to waive his interest in one of Mother's retirement accounts, which he had been awarded in the divorce decree. Mother agreed to liquify that account within thirty days and to file a copy of the distribution check with the court reflecting the net payout after any penalty or tax withholding. If the net payout did not cover the entirety of the arrearages Father owed, Father agreed to pay the difference between the net payout and the outstanding arrearage amount within thirty days of the filing of the distribution check. The trial court scheduled the matter for a purge hearing at the beginning of January 2019.

{¶15} Father failed to appear at the scheduled purge hearing, necessitating a continuance. The trial court then held several status conferences regarding Father's contempt. On March 12, 2019, the court issued an order indicating that the parties were actively working to confirm the outstanding purge amount. Additional status conferences occurred thereafter. On June 5, 2019, the parties notified the court that Father's contempt should be resolved within a week. By August 26, 2019, however, the issue was still pending with the trial court. Although a distribution had been issued from Mother's IRA, there was an issue with a tax penalty she had received. The court held a pretrial, issued an order, and set the matter for a further status conference in October 2019. At that hearing, the parties notified the court that they were still attempting to resolve the matter.

{¶16} The record reflects that the trial court set the contempt matter for further hearing in December 2019, but the hearing was continued upon motion filed by Mother's attorney. The

parties then jointly agreed to have all motions heard in March 2020. There is no dispute that the parties later resolved the contempt issue.

{¶17} The trial court held a hearing on attorney fees on December 9, 2022. The fee bill Mother's attorney produced at the hearing sought payment for $5,640. That amount was based upon 28.2 hours of work conducted between November 21, 2017, and February 19, 2020, and billed at $200 per hour. The bill contained an itemized list setting forth the amount of time Mother's attorney had spent on specific tasks while pursuing her motion to show cause against Father. The itemized list included entries for preparing filings, reviewing filings, preparing for hearings, attending hearings, and communicating with Mother.

{¶18} The local attorney who testified for Mother had over 31 years of experience as an attorney and had been practicing family law for over 20 years. He testified that lawyers in Lorain County typically charge between $175 and $300 per hour, so an hourly rate of $200 hourly was reasonable for the area. The local attorney admitted he was unfamiliar with the specifics of Mother's case. His knowledge of the case was limited to the fee bill he had reviewed at the behest of Mother's attorney. Nevertheless, he testified that he had experience pursuing show cause motions in Lorain County and those motions could take years to complete. He testified that it was "not out of the ordinary" to spend the amount of time Mother's attorney had recorded on the fee bill while litigating her show cause.

{¶19} Mother testified that she believed the fee bill accurately reflected the time her attorney spent litigating her motion to show cause. She testified that the show cause matter took several years to fully resolve because there were "a lot of continuances, a lot of dragging things out." Mother admitted that she could not personally verify each individual charge her attorney billed because she was not present when he prepared filings, reviewed filings, or prepared for

hearings. Even so, she testified that she would have challenged the fee bill if she felt there was a discrepancy with any of the itemized charges. She felt the fee bill was reasonable because she had attended hearings with her attorney, they had routinely communicated by phone or text, and she "was aware when [he] [was] working on [her] case."

{¶20} The trial court granted Mother's motion for fees and awarded her $5,640. The court relied on the fee bill, as well as the testimony of Mother and the local attorney. The court noted that expert testimony was not required to establish the reasonableness of attorney fees and that it could rely on its own knowledge and experience to determine reasonableness. The court concluded that Mother's fee request was reasonable as the "time billed directly correlate[d] to [Father's] filings and the contentious nature of this case."

{¶21} Father argues the trial court abused its discretion by awarding Mother $5,640 in attorney fees because Mother did not present evidence justifying that amount. First, he argues that Mother's motion for attorney fees did not comply with the Local Rules of the Lorain County Court of Common Pleas, Domestic Relations Division, because it did not establish the basis for her attorney fee claim. Second, he argues that Mother could not prove her attorney fees without her attorney testifying about the details of his fee bill. He claims the testimony Mother offered about the reasonableness of the hours her attorney billed was wholly speculative because neither she nor the local attorney had personal knowledge of the time her attorney spent litigating her motion.

{¶22} Initially, we note that Father only requested a transcript of the attorney fee hearing that took place on December 9, 2022. It is apparent from the record, however, that the parties discussed Mother's attorney fees and the fee bill with the court on a prior date. At the start of the December 9th hearing, Father argued that he had been denied discovery with respect to the hours claimed in the fee bill. His attorney handed the court a packet of exhibits marked A through F.

The trial judge noted that Father's attorney had given her the same exhibits the "[l]ast time we were here" and that his discovery argument "was argued last time we were here . . . ." Further, the following exchange took place:

> [MOTHER'S ATTORNEY]: Your Honor, if you recall, the last time we were before you on this issue, [Father's attorney] . . . . requested an opportunity to see my fee bill and we spent an hour plus going through the court file, so I could show him the entry that [Father] signed where he consented to . . . the contempt finding and the purge order and all those types of things.
>
> So we spent a significant amount of time trying to resolve the issue. It could not be resolved. No reasonable offer was made, so my purpose for today is very simple. I'm going to have my client testify as to verify the bill and I'm going to ask [the local attorney] regarding its reasonableness and I'm done.
>
> THE COURT: . . . I do recall . . . there was some time spent with looking at or talking about how the 5,000 and some dollar bill or fees came to be and that it was unable to be resolved . . . .

It is unclear from the record whether the foregoing discussions occurred at a hearing with a court reporter such that Father ought to have requested a transcript of that hearing. *See Shumate v. Shumate*, 2010-Ohio-5062, ¶ 6 (9th Dist.) (appellants have a duty to ensure the record contains any necessary transcripts). For that reason, this Court declines to presume regularity in the proceedings based on an incomplete record. *Compare Lorson v. Lorson*, 2017-Ohio-8562, ¶ 6-7 (9th Dist.) (presuming regularity where appellant failed to supply hearing transcript). Nevertheless, we note that the foregoing discussions show Father was given a copy of the fee bill and an explanation of those fees in advance of the attorney fee hearing.

**{¶23}** To the extent Father argues that Mother's motion for attorney fees did not comply with any specific local rule of the domestic relations court, the record reflects that he did not raise this argument in the lower court. He never cited a local rule or otherwise argued that Mother's motion was procedurally deficient. "'This Court has held on multiple occasions that [a]rguments that were not raised in the trial court cannot be raised for the first time on appeal.'" (Bracketed

text in original.) *Herhold v. Smith Land Co.*, 2019-Ohio-2418, ¶ 55 (9th Dist.), quoting *Huntington Natl. Bank v. Anderson*, 2018-Ohio-3936, ¶ 20 (9th Dist.). Because Father did not preserve his argument in the lower court, we will not address it.

{¶24} Upon review, we cannot conclude that the trial court abused its discretion by awarding Mother $5,640 in attorney fees. Mother's attorney was not required to testify in support of her fee request. As noted, it is presumed the lodestar is the proper amount for an attorney fee award, and a trial court can use its own knowledge and experience to determine the reasonableness of a fee request. *See Phoenix Lighting Group, L.L.C.*, 2020-Ohio-1056, at paragraph one of the syllabus; *Hibben*, 2022-Ohio-3598, at ¶ 30 (9th Dist.). The trial court specifically noted that the time billed in the fee bill correlated to the number of filings and the contentious nature of the proceedings. The record supports that conclusion, as numerous entries evidence the filings, delays, and difficulties the parties had while trying to resolve Father's contempt. Moreover, Mother presented testimony in support of the fee bill, as both she and the local attorney testified to the reasonableness of the fees contained in the bill. *See Iwanek v. Iwanek*, 1991 WL 19307, *2 (9th Dist. Feb. 13, 1991) (finding client's testimony was sufficient evidence of the reasonableness of his attorney's fees). Because Father has not shown the trial court acted unreasonably, arbitrarily, or unconscionably in awarding Mother the fees she requested, his first assignment of error is overruled.

### III.

{¶25} Father's assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas, Domestic Relations Division, is affirmed.

Judgment affirmed.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

STEVENSON, P. J.
SUTTON, J.
CONCUR.

APPEARANCES:

BRENT L. ENGLISH, Attorney at Law, for Appellant.

JAMES V. BARILLA, Attorney at Law, for Appellee.